**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hanna Gabrielsson, et al., | No. CV-24-02585-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| R.N.S. Center Limited Partnership, et al., | |
| Defendants. | |

This matter is before the Court *sua sponte*. For the reasons set forth below, the Court will deny Plaintiffs' Motion (Doc. 7) and dismiss the First Amended Complaint (Doc. 6) without prejudice.

**I.**

Upon reviewing Plaintiffs' Complaint (Doc. 6), the Court construes the ultimate relief sought as a stay of ongoing state court litigation between Plaintiffs and Defendants.[1] In their Complaint, Plaintiffs seek "a declaratory judgment that all judgments entered against [Plaintiffs] by RICO Def. McCoy from Superior court of Maricopa County are unenforceable and non-recognizable." (Doc. 6 ¶ 1988.) Plaintiffs also request "a preliminary and permanent injunction that enjoins Defendants . . . from commencing, prosecuting, or advancing in any way directly or indirectly any attempt to recognize or

---

[1] While Plaintiffs' Complaint also seeks monetary damages for their Racketeering Influenced and Corrupt Organizations ("RICO") Act and common law claims (Doc. 6 ¶ 1995), the Court presumes this request is duplicative of the relief sought in state court given that the parties are largely the same in both proceedings. This Court, however, is not the appropriate forum for Plaintiffs to appeal the judgments rendered in state court.

1  enforce any Judgment in any court, tribunal, or administrative agency in any jurisdiction . . . ." (*Id.* ¶ 1995(4).)

The requested relief is barred by *Younger v. Harris*, 401 U.S. 37, 53 (1971) and the Anti-Injunction Act, 28 U.S.C. § 2283. "*Younger v. Harris*[], and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). A court will abstain pursuant to *Younger* if: "(1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions." *Fresh Int'l Corp. v. Agric. Lab. Rels. Bd.*, 805 F.2d 1353, 1357–58 (9th Cir. 1986) (citing *Middlesex Cty. Ethics Comm.*, 457 U.S. at 432).

Upon consideration of these factors, the Court finds that abstention is warranted. First, there are clearly state judicial proceedings pending in the Arizona Superior Court between Plaintiffs and Defendants as detailed in the Complaint. Second, the state proceedings implicate important state interests—namely, adjudicating the proceedings and enforcing the judgments rendered by the state courts of Arizona. S*ee Middlesex Cty. Ethics Comm.*, 457 U.S. at 432 ("Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation."). Lastly, federal courts are not the appropriate forum for appealing state court decisions. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923). Plaintiffs have an adequate opportunity to challenge any state court judgment—which is the essence of their federal RICO claim—through direct appeal to the state appellate courts.

Plaintiffs' request for injunctive relief is also barred by the Anti-Injunction Act, which prohibits federal courts from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its [own] judgments." 28 U.S.C. § 2283. This mandate "extends not only to injunctions affecting pending proceedings, but also to

injunctions against the execution or enforcement of state judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007). Put simply, "[a]n injunction may not be used to evade the dictates of the Act if the injunction effectively blocks a state court judgment." *Id.* Therefore, because Plaintiffs seek injunctive relief that would affect the state court proceedings before Judge McCoy or otherwise preclude the execution or enforcement of his judgments, § 2283 precludes such relief.

## II.

Dismissal is also warranted because Plaintiffs' Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." *Id.*(d)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

At over 1,995 paragraphs, spanning 321 pages, Plaintiffs' Complaint fails to set out a "short and plain statement" of their claims. Moreover, the Court finds Plaintiffs' claims are not stated clearly enough to enable the nineteen (19) named Defendants to frame a responsive pleading.

## III.

Plaintiffs' Complaint is effectively a collateral appeal of pending state court litigation. Federal legislation, judicial precedent, and settled principles of federalism and comity prohibit this Court from interfering. Therefore, dismissal without prejudice is warranted.[2]

. . . .

. . . .

---

[2] A dismissal "without prejudice" means Plaintiffs are permitted to refile their action in this court. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (U.S. 2001) ("The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the [plaintiff] from returning later, to the same court, with the same underlying claim.").

Accordingly,

**IT IS ORDERED** that Plaintiffs' First Amended Complaint (Doc. 6) is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the pending Motion to File Two DVDs (Doc. 7) and Plaintiffs' Application to Proceed in Forma Pauperis[3] (Doc. 2) are denied as moot.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter a judgment of dismissal without prejudice and close the case.

Dated this 1st day of November, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

[3] Because Plaintiffs filed a First Amended Complaint and paid the filing fee (Doc. 5), the pending application is now moot.